UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS A. BROWN,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF CALDWELL, a subdivision of the state of Idaho, MARK WENDELSDORF, GARRET NANCOLAS, MONICA JONES, and JOHN/JANE DOES I through X, whose true identities are presently unknown,<br><br>                Defendants. | Case No. 1:10-CV-536-BLW<br><br>MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

Before the Court is Defendants' Motion to Dismiss Plaintiff Douglas Brown's state law claims for damages against Defendants. (Dkt. 10). The Court heard oral argument on January 26th. For the reasons explained below, the Court will grant in part and deny in part Defendants' Motion.

### BACKGROUND

Plaintiff Douglas Brown was terminated from his position as Deputy Fire Chief and Fire Marshall for the City of Caldwell in November 2009. Seeking both damages

MEMORANDUM DECISION AND ORDER - 1

and injunctive relief, Brown has sued the City of Caldwell and three City employees – Fire Chief Mark Wendelsdorf, Caldwell Mayor Garret Nancolas, and Caldwell Human Resources Director Monica Jones.  He alleges claims for wrongful discharge in violation of the Idaho Whistleblower Act, breach of contract and the covenant of good faith and fair dealing, and retaliation in violation of his First Amendment rights to freedom of speech and association.

Brown originally filed this lawsuit in state court on March 9, 2010.  Before its removal to this Court, the City of Caldwell moved to dismiss all of Brown's state law claims for damages.  *Def. Motion* at 14, Dkt. 4-1.  The City argued that Brown's failure to comply with the notice of claim requirement under Idaho Code § 50-219 deprived the court of subject matter jurisdiction over Brown's state law claims for damages.  *Def. Resp.* at 13-14, Dkt. 4-10.  Brown responded by arguing that the notice of claim requirement does not apply to the Idaho Whistleblower Act; but even if it did, he satisfied the notice requirement through his sending of two separate demand letters.  *Pl. Resp.* at 1-4, Dkt. 4-8.

On October 21, 2010, the state court judge issued an oral order denying the city of Caldwell's Motion to Dismiss.  *Naylor Aff,* Exhibit A, Dkt. 10-3.  The state judge found that (1) the notice of claim requirement applied to Brown's whistleblower claim, and (2) Brown's initial Complaint, not his demand letters, "adequately provided notice of the claims" as required by Idaho Code § 50-219 and the Idaho Tort Claims Act.  *Id.* at 34-37.  On November 1, 2010, Defendants removed this action to federal court.  *Def.*

MEMORANDUM DECISION AND ORDER - 2

*Removal*, Dkt 6-1.  Simultaneous with its removal, Defendants filed the pending motion to dismiss and/or motion for reconsideration.  Dkt. 10.  Defendants renew their arguments to dismiss Brown's state law claims for damages.[1]  Brown responds with the same arguments he raised in state court.

## ANALYSIS

**1.     Scope of Idaho Code § 50-219 Notice Requirement**

Idaho Code § 50-219 provides, "All claims for damages against a city must be filed as prescribed by [Idaho Code § 6-906 of the Idaho Tort Claims Act]."  Thus, pursuant to Idaho Code § 50-219 and § 6-906 of the Idaho Tort Claims Act, a notice of claim for damages against a city must be filed with the city clerk within 180 days from the date the claim arose or reasonably should have been discovered, whichever is later.  *Scott Beckstead Real Estate Co. v. City of Preston*, 216 P.3d 141, 143 (Idaho 2009).  In the context of the Idaho Torts Claim Act (ITCA), which is incorporated by reference into Idaho Code § 50-219, the Idaho Supreme Court has deemed the notice requirement a "mandatory condition precedent" to bringing suit.  *See, e.g., Banks v. University of Idaho*, 798 P.2d 452, 453 (1990).

---

[1] The parties have agreed that Idaho Code § 50-219 applies only to claims for damages and therefore does not apply to Brown's claims for injunctive relief.

Defendants argue that Brown's state law claims for damages are barred because Brown failed to comply with the notice of claim requirement under Idaho Code § 50-219, and this failure deprives the Court of subject matter jurisdiction to hear these claims.[2]

Idaho Supreme Court precedent would seem to answer this issue. In *Beckstead*, the Idaho Supreme Court construed the "all claims" language contained in I.C. § 50-219 "to require a claimant to file a notice of claim for all damage claims, *tort or otherwise*, as directed by the filing procedure set forth in I.C. § 6-906 of the Idaho Tort Claims Act." 48 P.3d at 855 (emphasis added). It explained: "All claims for damages" means just that; all claims for damages, regardless of the theory upon which the claim is based." *Id.* This language suggests that Brown's failure to provide notice to the city of his damages claims would preclude both his statutory whistleblower claim and his "pendent" contract claims.

Despite this clear language, however, Brown argues that the Idaho Legislature did not intend for Idaho Code §50-219 to apply to either the Whistleblower Act, or to contract claims brought pendent to statutory whistleblower claims. "There is a pronounced line of demarcation between what is said in an opinion and what is decided by it." *Hash v.U.S.*, 454 F.Supp.2d 1066, 1072 (D. Idaho 2006) (quoting *Bashore v. Adolf*, 238 P.534 (1925). Judicial opinions must be construed "in light of the rule that

---

[2] Because a court's lack of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and the defense of lack of subject matter jurisdiction may be raised at any time," *United States v. Shaw*, 655 F.2d 168, 171 (9th Cir. 1981), the Court remains obligated to address whether subject matter jurisdiction exists even though the issue was previously decided by the state court.

they are authoritative only on the facts on which they are founded." *Idaho Schools for Equal Education Opportunity v. Evans*, 850 P.2d 724, 737 (Idaho 1993). Applying this directive, the Court agrees that *Beckstead* does not necessarily answer all the questions at issue here; rather, it is significant that *Beckstead* involved a common law unjust enrichment claim while this case involves a statutory whistleblower claim. Therefore, before deciding whether *Beckstead* applies, the Court must look to the language of the Whistleblower Act, in addition to what Idaho Code 50-219 says.

Idaho's Whistleblower Act "seeks to protect the integrity of government by providing a legal cause of action for public employees who experience adverse action from their employer as a result of reporting waste and violations of a law, rule or regulation." *Van v. Portneuf Medical Center*, 212 P.3d 982, 987 (Idaho 2009) (internal quotation marks and citations omitted). It provides its own limitation period: "An employee who alleges a violation of this chapter may bring a civil action for appropriate injunctive relief or actual damages, or both, within one hundred eighty (180) days after the occurrence of the alleged violation of this chapter." Idaho Code § 6-2105(2).

When considering the meaning of a statute, the focus of the Court is to determine and give effect to the intent of the legislature. *State v. Yzaguirre*, 163 P.3d 1183, 1187 (Idaho 2007). The best guide to legislative intent is the words of the statute, and the language of the statute must be give its plain, obvious, and rational meaning. *State v. Escobar*, 3 P.3d 65, 67. Typically the plain meaning of a statue prevails unless that plain meaning leads to absurd results. *Yzaguirre*, 163 P.3d at 1187.

MEMORANDUM DECISION AND ORDER - 5

Here, the Court is presented with two statutes, which appear to contain competing directives. Idaho Code 50-219 provides that a notice of claim must be filed for *all* claims against a city within 180 days. When read alone, this language is clear: a claimant must comply with the notice requirement for *all* claims, including whistleblower claims. However, the Whistleblower Act, provides its own limitations period, which requires the filing of a *civil action* under the Act within 180 days. I.C. § 6-2105(2). Both statutes read together would require one seeking to file a whistleblower claim against a city to file a notice of claim within the same period that the claimant files a complaint. Yet, Defendants have argued, and the Court agrees, a claimant must file a notice of claim *before* filing a complaint. *Butler v. Elle*, 281 F.3d 1014, 1029 (9th Cir. 2002).[3] So while the Whistleblower Act says a claimant has 180 days to file suit, requiring a claimant to file notice before filing a civil action would truncate the express 180-day limitations period contained in the Act.

This statutory interpretation, Defendants urge, serves to "harmonize and reconcile" the two statutes. Defendant argue that Brown could have complied with the notice requirement by filing a notice "with the Caldwell City Clerk within ninety days of his

---

[3] This issue will be covered in further detail below in the context of whether Brown's filing of a civil complaint satisfies the notice of claim provision.

termination, which is the date his cause of action arose."[4]  *Defs.' Reply* at 4, Dkt. 19.

Then, according to Defendants, after filing his notice, Brown could have filed his whistleblower complaint ninety days later and still complied with the statutory 180-day filing deadline.  *Id.*    However, this reading of the statutes suggest that when the Idaho legislature said that a claimant has 180 days to file a notice of claim, they really meant 90 days – at least if the claim is brought under the Whistleblower's Act.

The Court does not believe the Idaho legislature intended to deprive plaintiffs bringing claims against the city of the full 180-day limitation period under the Whistleblower Act.  In answering this question, the Court is mindful that, when interpreting Idaho law, it is bound by decisions of the Idaho Supreme Court. *See Arizona Elec. Power Coop., In c. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).  In the absence of a controlling decision, this Court must predict how the Idaho Supreme Court would decide the question.  *See id.*

Neither the parties nor the Court have located an Idaho case speaking directly to this issue.  The chronology of the statutes' enactment, however, supports the conclusion

---

[4] Only Idaho Code § 6-906 of the ITCA is specifically referenced in Idaho Code § 50-219. However, Defendants take the position that other sections of the ITCA are incorporated into Idaho Code § 50-219, including the requirement that the government notify the claimant in writing of its approval or denial of the claim within 90 days.  I.C. § 6-909.  If this 90 day period expires without notification of approval or denial from the government, the claim is assumed denied.  *Id.*  Only at that point may a claimant file a civil action. I.C. § 6-910.  The Court assumes, without deciding, that Defendants are correct, and the Idaho legislature intended to incorporate other sections of the ITCA into Idaho Code § 50-219 even though they are not specifically referenced in the statute.

that the legislature did not intend Idaho Code § 50-219 to apply the Whistleblower Act. The legislature enacted the Whistleblower Act in 1994, 27 years after it enacted Idaho Code § 50-219 in 1967. In 1967 the legislature could not have contemplated the inclusion of whistleblower claims within § 50-219's scope. Conversely, in 1994 the Legislature was aware of Idaho Code §§ 50-219 and 6-906; yet the Legislature did not address those notice requirements and instead embedded the Whistleblower Act with its own 180-day limitations period. Although the legislature specifically included an express limitations period for filing whistleblower claims, Defendants essentially propose that the Court write out or ignore the express 180-day filing requirement for city employees. The Court can discern no reason why the legislature would have intended such a result.

Two additional factors suggest that the Idaho legislature did not intend for Idaho Code § 50-219 to apply to claims under the Whistleblower Act:

First, the Whistleblower Act, like Idaho Code§ 50-219, represents a limited waiver of sovereign immunity from suit, *Van*, 212 P.3d at 987, "and this waiver can be made on whatever terms and conditions the Idaho legislature chooses," *Butler v. Elle*, No. 4:98-CV-046-BLW (D. Idaho March 24, 1999). Under the Whistleblower Act, the legislature has chosen to require that public employees seeking to bring whistleblower claims against their government employers file any claim under the Whistleblower Act within 180 days. The legislature did not include any additional notice requirement. The Court therefore declines to insert an additional notice requirement when the legislature did not. *Cf., Van*, 212 P.3d at 988 ("…there is no reason to assume that the Legislature

intended those alleging claims under the statute to have to comply with the notice provision of the ITCA where the Legislature did not specifically require it."). *See also id.* at 988, n. 4 (noting a general limitations period applies unless the legislature has provided a specific limitations period for a specific statutory liability).

Second, the statutory interpretation proffered by Defendants creates an arbitrary – and the Court believes – unintended distinction between those pursuing statutory whistleblower claims who are city employees as opposed to county or state employees. Again, the Court can think of no reason why the legislature would have intended such a result when it created a special statutory remedy that applies *solely* to public employees, and the statute itself does not distinguish between public employees who work for a city, county, or the state.

Ultimately the most rational application of Idaho Code § 50-219 is to exclude whistleblower claims from its notice requirements. This Court therefore finds that Idaho Code § 50-219 does not apply to claims for damages under the Idaho Whistleblower Act, and it denies Defendants' motion to dismiss Brown's whistleblower claims for failure to comply with Idaho Code § 50-219's notice of claim requirement.

The Court, however, reaches a different conclusion with respect to Idaho Code § 50-219's application to Brown's contract claims. Brown argues that contract claims, brought pendent to whistleblower claims, should not be subject to the notice of claim requirement. But Brown fails to explain why or cite any authority to back up this assertion. There is nothing unique about a common law breach of contract claims, and

MEMORANDUM DECISION AND ORDER - 9

such claims were certainly in existence at the time the legislature enacted Idaho Code § 50-219.  The Court finds no reason why run-of-the mill contract claims – whether pendent to a statutory whistleblower claim or not – should be excepted from Idaho Code § 50-219's notice requirement.  Therefore, the Court holds that Idaho Code § 50-219 applies to Brown's common law breach of contract claims.  *Beckstead*, 48 P.3d at 855.

**2.     Validity of Brown's Claims Against City Officials in Their Personal Capacities**

Defendants argue that Brown's claims against Wendelsdorf, Nancolas, and Jones in their personal capacities are either subject to the notice of claim requirement, or they must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

Here, Brown has failed to allege facts sufficient to state a plausible claim for relief against Wendelsdorf, Nancolas, and Jones in their personal capacities.  The Idaho Code

provides a rebuttable presumption that "any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment and without malice or criminal intent." I.C. § 6-903(e). Under Idaho Code § 6-903(e) Wendelsdorf, Nancolas, and Jones, as employees of the city who presumably acted within the time and at the place of employment, have thus acted within the course and scope of their employment, rather than in their personal capacities. Brown has not rebutted this presumption.

Thus, with respect to Brown's whistleblower claims and breach of contract against Defendants Wendelsdorf, Nancolas, and Jones in their individual capacities, the Court grants Defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Because the Court finds that Brown has failed to state a claim against the individual city defendants in their personal capacities, it will not address whether such claims are subject to the notice of claim requirement. The Court, however, will allow Brown leave to amend his complaint. *Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009) (noting that a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment.").

2.      **Sufficiency of Notice under Idaho Code § 50-219**

Having concluded that Idaho Code § 50-219 applies to Brown's breach of contract claims, the Court must consider whether Brown satisfied the statute's notice of claim requirement. Brown argues that he substantially complied with the notice requirements, either through the service of two demand letters, providing written notice of his

MEMORANDUM DECISION AND ORDER - 11

whistleblower claim, or, as the state district court held, via the service of Brown's initial complaint.

As a threshold matter, Brown argues that this Court cannot properly determine whether the demand letters complied with the notice requirements based solely on the pleadings. The Court agrees that the demand letters lie outside the pleadings and therefore cannot be properly considered on a motion to dismiss. *Edwards v. Ellsworth*, 10 F. Supp. 2d 1131, 1133 (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.), *cert denied* 512 U.S. 1219 (1994)). But federal courts have complete discretion to determine whether to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion to a motion for summary judgment under Rule 56. *Id.*

In this case, the Court finds that converting Defendants' motion to dismiss to a motion for summary judgment is appropriate. Moreover, it finds that formal notice before converting the motion is not required because both parties have had a full and fair opportunity to ventilate all issues raised in Defendants' motion. *In re Rothery*, 143 F.3d 546 (9th Cir. 1998). The Court will therefore consider whether the demand letters satisfied the notice of claim requirement.

Here, there is no factual dispute about what the demand letters say. Thus, the only question is purely legal: whether Brown's demand letters meet the applicable notice requirements. The Court finds they do not. Under Idaho Code § 50-219 and the Idaho Tort Claims Act, notice must be (1) in writing; (2) filed with the city clerk; (3) submitted

within 180 days from the date the claim arose or reasonably should have been discovered; and (4) contain statutorily-specified information regarding the plaintiff's residence and the facts and circumstances surrounding the plaintiff's injuries. *See also* Idaho Code § 6-907. Yet, Brown's demand letters do not meet the applicable notice requirements because the letters do not include the statutorily-specified information, such as Brown's address, the amount of his alleged damages, or the nature of his damages. More importantly, neither of the letters were addressed to or formally filed with Caldwell's City clerk.[5] Service of the demand letters therefore did not satisfy the notice of claim requirement.

    Nor, as previously indicated in this Court's decision, does Brown's initial complaint meet the applicable notice requirements. Idaho Code §§ 50-219 and 6-906 require that notice be filed prior to and separate from the filing of a civil complaint. *Butler*, 281 F.3d at 1029; *see also Madsen v. Idaho Dept. of Health and Welfare,* 779 P.2d 433 (Idaho Ct. App. 1989). The Idaho Supreme Court has frequently deemed the notice requirement a "mandatory condition precedent" to bringing suit. *Banks v. Idaho,* 798 P.2d 452, 453 (1990); *McQuillen v. City of Ammon*, 747 P.2d 741, 744 (1987). And, as Defendants point out, there is no Idaho case of record where the filing of a complaint

---

[5] Idaho Supreme Court case law establishes that the City of Caldwell, through service on the city clerk, must have actual knowledge of an impending lawsuit. *See e.g. Calkings v. City of Fruitland*, 543 P.2d 166 (Idaho 1975).

MEMORANDUM DECISION AND ORDER - 13

has been deemed to satisfy the notice requirement.  To the contrary, in *Madsen*, the Idaho Court of Appeals held that a plaintiff must file a notice with the city clerk before filing a complaint.  747 P.2d at 744.  And this Court followed *Madsen* in reaching the same conclusion, *Butler v. Elle*, No. 4:98-CV-046-BLW (D. Idaho March 24, 1999) – a decision affirmed by the Ninth Circuit, *Butler*, 281 F.3d at 1029.  A civil complaint cannot act as both the notice of a claim and civil lawsuit simultaneously.  Brown's failure to file notice of his contract claims prior to filing his complaint dooms those claims.

## CONCLUSION

The Court finds that Idaho Code § 50-219's notice requirement does not apply to Brown's state law claim for damages under the Idaho Whistleblower Act.  But it does apply to Brown's contract claims for damages, and the Court further finds Brown failed to give proper notice under the statute.   Therefore, the Court will dismiss Count Two of Brown's Second Amended Complaint.  In addition, all claims against Defendants Wendelsdorf, Nancolas, and Jones in their individual capacities are dismissed.  All other claims survive.

## ORDER

IT IS ORDERED:

1. Defendant's Motion to Dismiss is GRANTED in part and DENIED in part (Dkt. 10).

2. As to the Defendant City of Caldwell, Count Two of Brown's Second Amended Complaint is DISMISSED. All other claims against the City survive.

3. As to all claims against Defendants Wendelsdorf, Nancolas, and Jones in their individual capacities, the Court grants Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, but with leave to amend. If an amended complaint is not filed within 30 days from the date of this order, the dismissal will be final and with prejudice.

4. Defendant's Motion for Protective Order (Dkt. 11) is DENIED as moot.



DATED: February 14, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court