UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS A. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CALDWELL, a subdivision of the state of Idaho,<br><br>    Defendant. | Case No. 1:10-cv-00536-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it Plaintiff Douglas Brown's motion in limine (Dkt. 61), as well Defendant City of Caldwell's two motions in limine (Dkts. 63&67).[1] The parties have been able to reach an agreement on many of these issues. For those issues that remain the Court will deny both Brown and the City's motions in limine.

---

[1] Plaintiff has also noted his objections to certain exhibits. The Court has reviewed those objections and will make those determinations as the exhibits are introduced.

**MEMORANDUM DECISION AND ORDER - 1**

## ANALYSIS

1. **Plaintiff's Motion in Limine**

Brown asks the Court to preclude the City "from introducing, referencing, mentioning, or commenting on any alleged reason or basis for terminating Plaintiff's employment other than those identified on the November 18, 2009, Notice of Termination." *Pl.'s Br.* at 2. Brown maintains that the City has identified *all* the reasons for terminating Brown in this termination notice, and therefore evidence of any other reason would be irrelevant under Federal Rule of Evidence 401.

The Court disagrees. As the City correctly notes, it is not required to show that Brown's termination was only for those reasons set forth in the notice. Instead, it only must show that Brown was not terminated for some unlawful reason. If the City now claims that it terminated Brown for reasons not specifically articulated in the notice, it may present evidence to support those alternative reasons. Conversely, Brown may argue to the jury that City officials must be fabricating these new reasons because they did not list them in the termination notice. This does not mean, however, that the new reasons would be inadmissible.

2. **Defendant's Motion in Limine**

Brown has stipulated regarding two of the City's motions in limine: (1) Brown will not mention his own bankruptcy at trial; and (2) Brown will not refer to the Defendant's insurer (ICRMP) at trial. In addition, the parties have already stipulated to removing the officially named individual parties, and this Court has entered an order

effectuating that stipulation. Thus, the only remaining issue raised by the City relates to damages under the Idaho Whistleblower Act.

The City of Caldwell asks the Court to preclude plaintiff Douglas Brown from introducing evidence of "various non-economic damages" and special damages allegedly arising from Brown's whistleblower claim. The City has indicated some specific evidence it is concerned about with regard to the special damages, including evidence of money Brown spent (1) trying to find a job, (2) moving to Georgia, (3) renting a storage unit in Boise, (4) paying a bankruptcy attorney, and (5) buying a car, or more specifically, borrowing money to buy a car. *See Mot. Mem.*, Dkt. 61-1.

The Court will deny this motion.

### A.     *Idaho's Whistleblower Act*

Under Idaho Code Section 6-2105, employees alleging whistleblower claims may sue for "appropriate injunctive relief or actual damages, or both, . . . ." I.C. § 6-2105(2). Within this same section, "damages" is defined to include "damages for injury or loss caused by each violation of this chapter." Idaho Code § 6-2105(1). Nothing in this language restricts plaintiffs from seeking non-economic or other special damages.

The City, however, argues that the very next section of the Whistleblower Act – Idaho Code Section 6-2106 – prevents plaintiffs from recovering non-economic and other special damages. Section 6-2106 lists specific things a court "may" order in rendering a judgment whistleblower claims, including (1) injunctive relief; (2) reinstatement; (3) compensation for "lost wages, benefits, and other remuneration"; (4) costs and attorneys'

fees; and (5) civil fines.[2]  The City contends that the types of relief listed here are exclusive and the only types a plaintiff may seek – notwithstanding the broad definition of damages in the previous section.  The City attempts to avoid Section 6-2105's broad definition of damages by arguing that Section 6-2106 is a more specific and, therefore, must prevail over the more general definition of damages set out in Section 6-2105.

What the City is really doing, however, is asking the Court to ignore Idaho Code Section 6-2105, while focusing solely on Section 6-2106.  This violates two cardinal rules of statutory construction.  First, "[t]he Court must construe a statute as a whole, and consider all sections of applicable statutes together to determine the intent of the legislature."  *Davaz v. Priest River Glass Co.*, 870 P.2d 1292, 1295 (Idaho 1994) (internal citation omitted).  Second, Courts must "give a statute an interpretation that will not render it a nullity."  *State v. Nelson*, 807 P.2d 1282, 1285 (Idaho Ct. App. 1991).  By allowing plaintiffs to seek recovery for non-economic and special damages, the Court

---

[2] In full, Idaho Code § 6-2105 provides:

A court, in rendering a judgment brought under this chapter, may order any or all of the following:

(1) An injunction to restrain continued violation of the provisions of this act;
(2) The reinstatement of the employee to the same position held before the adverse action, or to an equivalent position;
(3) The reinstatement of full fringe benefits and seniority rights;
(4) The compensation for lost wages, benefits and other remuneration;
(5) The payment by the employer of reasonable costs and attorneys' fees
(6) An assessment of a civil fine of not more than five hundred dollars ($500), which shall be submitted to the state treasurer for deposit in the general fund.

**MEMORANDUM DECISION AND ORDER - 4**

views Section 6-2105 and Section 6-2106 together, in context, and, ultimately gives effect to both – not just Section 6-2106.

The Court also finds the City's comparison of Idaho's Whistleblower Act to Florida's unpersuasive. The City points out that the Florida Whistleblower Act has the same type of list contained in Section 6-2106 – regarding the types of relief courts "may" order. *Compare* I.C. § 6-2106 *with* Fla. Stat. § 448.103(2)(a) to (e). But unlike Idaho's list, which does not say anything about a plaintiff's ability to recover compensatory damages, Florida expressly states that a court may order "[a]ny other compensatory damages allowable at law." Fla. Stat. § 448.103(2)(e). The City thus concludes that "the Florida legislature clearly intended to provide for broader coverage than is contemplated in Idaho, . . . ." *City Mot. Mem.*, Dkt. 61-1, at 6-7.

The Court, however, believe the City's analysis is flawed. A closer look at the Florida and Idaho Whistleblower Acts shows that both say essentially the same thing about the damages a plaintiff may recover in a whistleblower action – just in different ways.

First, both acts have an "employee-remedy" section and a "relief" section. The remedy section says employees can sue for violations of the whistleblower act, and it also say what they can seek. Idaho's "remedy" section is Section 6-2105, and its "relief" section is Section 6-2106. Florida, however, puts both sections together in one statute with two sub-divisions – Florida Statute § 448.103(1) and (2) – entitled "Employee's remedy; relief."

**MEMORANDUM DECISION AND ORDER - 5**

The difference in the remedy sections of Florida's and Idaho's Whistleblower Acts is mainly structural – not substantive. That is, Idaho's remedy section *itself* states that employees may sue for "injunctive relief or actual damages, or both, . . . ." I.C. § 6-2105, while Florida's remedy section just refers readers to the relief section, indicating that employees may sue "for relief *as set forth in sub-section (2) [the relief section]* . . . ." (emphasis added). So in the Florida statute, the reader has to jump to the relief section to figure out that employees can sue for compensatory damages. Idaho already said that in its remedy section, so the fact that a plaintiff's ability to seek actual damages for injury or loss is not restated in Idaho's relief section is irrelevant.

The Court ultimately concludes that if the Idaho legislature wanted to restrict whistleblower plaintiffs to the remedies listed in Section 6-2106, it would have said exactly that. In that regard, it is useful to compare Idaho's whistleblower statute to New York's. The New York whistleblower statute has a "relief" section almost identical to Idaho's – and neither lists compensatory damages as part of the relief that may be ordered. *Compare* I.C. § 6-2106(1) to (6) with N.Y. Labor Law § 740(5)(a) to (e) (McKinney). But the two states' "remedy" sections are sharply different. Whereas the Idaho statute broadly states that employees alleging violations "may bring a civil action for appropriate injunctive relief, or damages, or both," the New York statute expressly states that plaintiffs can obtain only those types of relief set out in the "relief" section. *See* N.Y. Labor Law § 740(4)(a). So if the Court were construing a statute similar to

New York's, the City's argument would be more persuasive.  But Idaho's Whistleblower Act is simply not susceptible to the meaning the City gives it.

To the contrary, the Court reads Idaho's relief section as *expanding*, rather than restricting, the types of relief available in a whistleblower action. The relief section makes clear that, in addition to traditional remedies, a court may order other remedies above and beyond those generally available to tort plaintiffs .  A good example is the language that gives the trial court authority to order reinstatement, including reinstatement of full fringe benefits and seniority rights.  Reinstatement is not a remedy commonly available to tort plaintiffs.  The Court therefore does not agree that Idaho's legislature intended the relief section to limit the types of traditional compensatory damages available for Whistleblower Act violations.

### B. *Pleading Special Damages*

Alternatively, the City says Brown should be precluded from introducing evidence of the "special damages" itemized above (expenses related to looking for a job, moving, renting a storage unit, filing bankruptcy, and buying a car) because these damages were not specifically listed in the complaint.  Again, the Court is not persuaded.

Under federal pleading standards, "[g]eneral damages typically are those elements of injury that are the proximate and foreseeable consequence of defendant's conduct. Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of defendant's conduct, and typically stem from and depend upon the particular circumstances of the case." 5A Charles Alan Wright, Arthur

**MEMORANDUM DECISION AND ORDER - 7**

R. Miller et al. *Federal Practice & Procedure* § 1310 (3d ed. 2005) (internal footnote citations omitted). Unless the existence of special damages is an essential ingredient of plaintiff's claim for relief, "the purpose of requiring that special damages be specifically pleaded is to protect the defendant against being surprised at trial by the extent and character of the plaintiff's claim." *Id.; see also Tipton v. Mill Creek Gravel, Inc.*, 373 F.3d 913, 922 n.10 (8th Cir. 2004). Consequently, where the alleged special damages are not an essential element of the underlying claim, "considerable liberality is the appropriate principle of construction" in assessing the sufficiency of these allegations. Wright & Miller, *Federal Practice & Procedure* § 1311.

Here, in the prayer for relief, plaintiff requested "general and special" damages. These minimal allegations arguably put the City on notice that plaintiff would be seeking special damages. But even assuming they did not, the purpose of the pleading rule has been served: it appears discovery was conducted on these specific types of damages and the City is not claiming it will be surprised at trial by introduction of such evidence. The Court will therefore deny the motion in limine based on alleged pleading deficiency.

## ORDER

**IT IS ORDERED** that:

1. Defendant's Motion in Limine (Dkt. 61) is DENIED in part, and otherwise MOOT.

2. Plaintiff's Motion in Limine (Dkt. 63) is DENIED.

3. Defendant's Motion in Limine re Insurance Coverage (Dkt. 67) is MOOT.

DATED: October 1, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court